**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>K. KHAMOOSHIAN, *et al.*,<br><br>Defendants. | Case No. 17-cv-02053-BAS-MDD<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO EXCUSE EXHAUSTION (ECF No. 8) AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Raymond Alford Bradford, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 25, 2017, in the Eastern District of California. (*See* ECF No. 1, Compl.)

Because Plaintiff claims a physician at Alvarado Hospital Medical Center and a RJD doctor violated his Eighth Amendment right to adequate medical care in August and September 2017 (Compl. at 1-4), United States Magistrate Judge Carolyn K. Delaney

1

determined the case should have been filed in the Southern District of California, and transferred it here pursuant to 28 U.S.C. § 1406(a) on October 5, 2017 (ECF No. 4).

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), nor has he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). He has, however, filed a Motion requesting that he be "excused" from 42 U.S.C. § 1997e(a)'s exhaustion requirement (ECF No. 8), followed by supplemental declaration and points and authorities in support of his Motion (ECF Nos. 10, 12).

**I.      Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for

the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10.00, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has not paid the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP, which includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copies of his trust funds account statements required by 28 U.S.C. § 1915(a)(2). Therefore, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

## II. Motion to Excuse Exhaustion

Plaintiff also asks that he be "excused" from having to comply with 42 U.S.C. § 1997e(a)'s exhaustion requirement. (ECF No. 8.) Plaintiff contends Defendants "deliberately failed to process and return [his] emergency appeal" related to the claims alleged in his Complaint; therefore administrative remedies were not "available" to him. (*Id.* at 4.)

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017). Plaintiff is correct to note that "[t]he PLRA does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" *Andres*, 867 F.3d at 1078 (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)). However, the "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Jones v. Bock,* 549 U.S. 199, 204, 216 (2007).

| 1 | Instead, assuming Plaintiff requests and is granted leave to proceed IFP, his
| 2 | Complaint survives the initial screening required by 28 U.S.C. § 1915(e)(2) and § 1915A,
| 3 | and the U.S. Marshal successfully effects service pursuant to Fed. R. Civ. P. 4(c)(3) and
| 4 | 28 U.S.C. § 1915(d), it is Defendants' responsibility "to present probative evidence that
| 5 | [Plaintiff] has failed to exhaust available administrative remedies under § 1997e(a)."
| 6 | *Albino,* 747 F.3d at 1169. "In most circumstances, the appropriate procedural mechanism
| 7 | is a motion for summary judgment under Federal Rule of Civil procedure 56, with the
| 8 | defendant[s] attaching the evidence necessary to demonstrate a failure to exhaust." *Jackson*
| 9 | *v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017) (citing *Albino*, 747 F.3d at 1166). "Once the
| 10 | defendant[s] ha[ve] carried that burden, the prisoner has the burden of production. That is,
| 11 | the burden shifts to the prisoner to come forward with evidence showing that there is
| 12 | something in his particular case that made the existing and generally available
| 13 | administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

## III. Conclusion and Order

Accordingly, the Court:

(1) **DENIES** Plaintiff's Motion to Excuse Exhaustion (ECF No. 8) without prejudice as premature;

(2) **DISMISSES** this action *sua sponte* without prejudice for failing to pay the $400.00 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open his case by: (a) prepaying the entire $400.00 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; or (b) completing and filing a Motion to Proceed IFP which includes *both* the affidavit and the certified copies of his trust account statement for the 6-month period preceding the filing of his

Complaint required by 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. Civ. L. R. 3.2(b).

If Plaintiff fails to either prepay the $400.00 civil filing fee or complete and submit a Motion to Proceed IFP within the time provided, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: December 6, 2017

Hon. Cynthia Bashant
United States District Judge