# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>K. KHAMOOSHIAN, ET AL.,<br><br>Defendants. | Case No.: 17-cv-02053-BAS (MDD)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTIONS TO DISMISS**<br><br>**[ECF Nos. 37, 41]** |

This Report and Recommendation is submitted to United States Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, it is **RECOMMENDED** that Defendants' Motions to Dismiss be **GRANTED**.

## I. PROCEDURAL HISTORY

Plaintiff Raymond Alford Bradford ("Plaintiff") is a state prisoner at Richard J. Donovan Correctional Facility ("Donovan") proceeding *pro se* and *in forma pauperis*. (ECF No. 5, 21). On September 25, 2017, Plaintiff filed a

complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's complaint sets forth various claims against Doctor Kourosh Khamooshian, M.D., physician and surgeon at Alvarado Hospital Medical Center ("Alvarado"); and Doctor Ronald Zhang, M.D., physician and surgeon at Donovan. Plaintiff alleges that the Defendants violated his Eighth Amendment rights by: (1) acting with deliberate indifference to his medical needs; (2) negligently and intentionally inflicting unnecessary pain; and (3) committing medical malpractice by failing to provide medical care, worsening Plaintiff's condition. (*Id.*).

On May 14, 2018, Defendant Zhang filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 37). Defendant Zhang contends that Plaintiff: (1) failed to allege facts sufficient to state a cause of action for deliberate indifference; and (2) failed to allege facts sufficient to state a cause of action for gross negligence or medical malpractice. (*Id.*).

On May 23, 2018, Defendant Khamooshian also filed a Motion to Dismiss the Complaint. (ECF No. 41). Defendant Khamooshian contends that Plaintiff: (1) failed to sufficiently allege Defendant was deliberately indifferent to his serious medical needs; (2) failed to sufficiently allege Defendant Khamooshian was grossly negligent; and (3) failed to sufficiently allege Defendant Khamooshian committed medical malpractice. (*Id.*).

Plaintiff's opposition to these motions argue that Defendant Khamooshian's Motion did not include a dated proof of service and that Plaintiff's papers were initially stolen from him by the prison sergeant, law librarian, and the assistant, and were withheld for eight days to deter him from filing. (ECF Nos. 65, 63).

## II. BACKGROUND FACTS

The facts as presented are taken from Plaintiff's Complaint and are not

2

to be construed as findings of fact by the Court.

Plaintiff's claims arise from a series of events beginning August 29, 2017. Plaintiff has a history of medical illness including: deficiencies of protein C and S, ulcerative colitis, proctitis, and diverticulosis. (ECF No. 1 at 5).

On August 29, 2017, Plaintiff began experiencing pain in his rectal and groin areas, bleeding, bloody diarrhea, and "mucus-pus stool." (*Id.* at 5). That same day, Plaintiff was transferred from his holding cell to Alvarado, where he received a rectal exam, lab testing, abdomenal x-rays, and was given pain medication. (*Id.* at 4-5).

On September 1, 2017, Plaintiff had his first and only interaction with Defendant Khamooshian. (*Id.* at 5). Defendant Khamooshian explained to Plaintiff that the August 29 lab findings were normal, that there was no active bleeding, and that there was no finding of an ulcerative colitis flare up. (*Id.* at 5). Defendant Khamooshian notified Plaintiff that the prison would follow up in two weeks and he was discharged from the hospital. (*Id.* at 6). Plaintiff does not allege that Defendant Khamooshian treated him further.

On September 2, 2017, Plaintiff submitted an emergency sick call slip, and claims he continued to do so every day after, requesting to see a doctor about his continued symptoms. (*Id.* at 6.). Roughly two weeks later, Plaintiff was transferred to Alvarado for a colonoscopy, and then returned back to Donovan. (*Id.* at 6.)

On September 18, 2017, after complaining of continuous pain, Plaintiff was examined by Defendant Zhang. (*Id.* at 7). Defendant Zhang explained to Plaintiff that in order to check for active bleeding, he would need to perform a rectal exam each time Plaintiff visited the office. (*Id.*). Plaintiff claims that Defendant Zhang stated, in a frustrated voice, "we cannot find your

3

colonoscopy results, so without it, I cannot give you anything. Your lab studies are normal. You are not bleeding according to the test results. And your follow-up with the gastroenterologist will be scheduled within a few weeks." (*Id.*).

Plaintiff alleges that Defendant Zhang withheld, delayed, and interfered with Plaintiff's access to treatment. (*Id.* at 8.) Plaintiff further argues that "had [Defendant Zhang] not lied about the colonoscopy results, Plaintiff's ailment would not have worsen[ed]." (*Id.* at 10).

### III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, 'the-defendant-unlawfully-harmed-me' accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Id.* The court must assume the truth of the facts which are presented and construe all inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S.

4

at 570.

A *pro se* litigant is entitled to notice of deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Thus, the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal citation omitted). Furthermore, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

## IV. DISCUSSION

### A. Deliberate Indifference

Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when Defendants deliberately misdiagnosed Plaintiff's ailments, delayed treatment, and denied him access to treatment. (ECF No. 1 at 2-3.) Defendants contend that Plaintiff's claim fails as a matter of law because he has not pled facts sufficient to show that either Defendant acted with deliberate indifference to Plaintiff's medical needs. (ECF Nos. 37 at 2; 41 at 2.)

The Eighth Amendment is violated when prison officials demonstrate "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996). In order to state a claim for deliberate indifference under the Eighth Amendment, an inmate must plead facts sufficient to show both an objective and a subjective requirement. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

First, to satisfy the objective prong, the inmate must show that he

5

suffered a deprivation or injury that was "objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A serious medical need is shown if a failure to provide adequate treatment results in wanton or unnecessary infliction of pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

Next, to satisfy the subjective prong, the inmate must demonstrate that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety…" *Farmer,* 511 U.S. at 837. The official must have been aware of facts or factual circumstances that would allow him to draw the inference that a substantial risk of serious harm to the inmate's health and safety exists, and he must *also* draw that inference. *Id.*

"It is not enough that the plaintiff merely disagree with the course of treatment provided. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). A difference in medical opinion is "insufficient, as a matter of law, to establish deliberate indifference." *Id.* (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

**1. Defendant Khamooshian**

Plaintiff alleges that Defendant Khamooshian was deliberately indifferent when he"[lied] about Plaintiff's condition… knowing that lie would punish Plaintiff unjustly, cause him unnecessary harm, and deny, delay, and interfere with his access to adequate and constitutionally acceptable medical care and treatment for his serious medical needs." (ECF No. 1 at 8).

However, the complaint only alleges that that Defendant Khamooshian interviewed Plaintiff on one occasion, where the doctor interpreted lab results, and explained to Plaintiff that the findings were normal.

Dr. Khamooshian concluded that Plaintiff's symptoms did not require immediate treatment. Plaintiff fails to provide any documentation or

6

information which objectively shows that a serious injury was present that impeded Plaintiff's ability to continue ordinary daily activities. Even though Defendant Khamooshian was confident that the lab results yielded no abnormalities, he explained to Plaintiff that the prison would follow up in two weeks. By providing Plaintiff with the lab results and scheduling a follow up appointment, Defendant Khamooshian did not disregard Plaintiff's health, as Plaintiff so claims.

Further, Plaintiff alleges that Defendant Khamooshian lied when he interpreted the lab results. This claim is unsupported by any factual information. Plaintiff fails to support his contention that Defendant Khamooshian lied or that proper treatment was wrongfully withheld.

Plaintiff's disagreement with lab results and his unsupported claim of inadequate treatment are not sufficient to constitute a constitutional violation. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Plaintiff has asserted insufficient information to ask the court to cross the line from conceivability to plausibly of the claim, and has therefore failed to meet his burden.

**2. Defendant Zhang**

Plaintiff alleges that Defendant Zhang was deliberately indifferent to Plaintiff's medical needs because he was aware of and failed to treat the symptoms associated with Plaintiff's history of ulcerative colitis flare ups. Plaintiff argues that Defendant Zhang's recommended course of treatment was cruel and unusual, intended only to inflict pain on Plaintiff. (ECF No. 1 at 9).

During Plaintiff's appointment with Defendant Zhang, the doctor found no active bleeding and explained the need to check for bleeding at each visit. Defendant Zhang also scheduled a follow up gastroenterologist

7

appointment. There is no objective showing of a serious medical need, no showing of a deprivation of treatment, and no showing of sufficiently serious pain that a doctor would have otherwise found worthy of additional treatment.

Plaintiff asserts that he exhibited symptoms indicative of an ulcerative colitis flare up, however, his test results and assessment at Alvarado showed no symptoms. Plaintiff has failed to demonstrate that Defendant Zhang knew of and disregarded an excessive risk to Plaintiff's health. No inference can be drawn in favor of a substantial risk of serious harm.

Plaintiff's complaint asserts he disagreed with Defendant Zhang's findings and treatment plan, but a mere disagreement is not enough to demonstrate deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). The facts as pled by Plaintiff lack detail sufficient to overcome the high burden of demonstrating deliberate indifference.

Accordingly, the Court **RECOMMENDS** that Defendants' Motions to Dismiss Plaintiff's claims for Deliberate Indifference be **GRANTED** and that Claim 1 be **DISMISSED WITHOUT PREJUDICE**.

**B. Gross Negligence**

Plaintiff alleges that Defendant Khamooshian "negligently misdiagnosed Plaintiff ['s] symptoms [of] active bleeding, rectal pain, penis pain, bloody diarrhea, [and] colitis flare up." (ECF No. 1 at 10). Plaintiff also asserts that Defendant Zhang's assessment of the lab results and decision to conduct rectal exams were grossly negligent. Defendants contend that, as a result, Claim 2 for gross negligence cannot survive. (ECF Nos. 37 at 8; 41 at 17).

Gross negligence is "the want of even scant care" or an "extreme departure from the ordinary standard of conduct." *Van Meter v. Bent*

8

*Construction Co.*, 46 Cal.2d 588, 594 (1956). As indicated in *Van Meter*, gross negligence may consist of *either* "want of even scant care" *or* "extreme departure from the ordinary standard of conduct," but not necessarily both. *Gore v. Board of Medical Quality Assurance*, 110 Cal. App. 3d 184, 197 (1980).

**Defendant Khamooshian**

During Defendant Khamooshian's one interaction with Plaintiff, he interviewed Plaintiff and reviewed test results. Defendant Khamooshian discussed the normalcy of the findings and Plaintiff was discharged. Plaintiff has not indicated how or why this patient-client interaction constitutes a "want of even scant care" toward Plaintiff.

Therefore, due to the lack of detail alleged in the complaint, Plaintiff has not demonstrated that Defendant Khamooshian's conduct constituted an extreme departure from the ordinary standard.

**Defendant Zhang**

Defendant Zhang reviewed Plaintiff's lab reports, was aware of Plaintiff's medical history and alleged pain, and explained to Plaintiff why rectal exams were necessary. Plaintiff disagreed, and claims that frequent rectal exams would constitute cruel and unusual punishment.

Plaintiff has not demonstrated how Defendant Zhang's assessment and determination of the course of treatment was a departure from the ordinary standard, or that he exhibited a "want of even scant care" toward Plaintiff. Rather, Plaintiff has provided facts showing that Defendant Zhang took multiple steps to treat him, and that Plaintiff disagreed with the course of action. Plaintiff's threadbare assertion of the elements is insufficient to infer a claim of gross negligence.

Accordingly, it is **RECOMMENDED** that Defendants' Motions to Dismiss

Plaintiff's claim for gross negligence be **GRANTED** and Claim 2 be **DISMISSED WITHOUT PREJUDICE**.

### C. Medical Malpractice

Plaintiff alleges that by "deliberately misdiagnos[ing] Plaintiff's aliments" and "denying [him] treatment," Defendants have committed medical malpractice. (ECF No. 1 at 10).

In order to demonstrate medical malpractice, Plaintiff must demonstrate: (1) a duty to exercise that degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances; (2) a breach of the duty to exercise such skill, prudence, and diligence; (3) proximate causal connection between the conduct and the injury; and (4) resulting loss or damage. *Hanson v. Grode,* 76 Cal.App.4th 601, 606 (1999).

However, since "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be repugnant to the conscience of mankind, a complaint that a physician has been negligent in dispersing or treating a medical condition [is insufficient to] state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976).

Under California law, "mere error of judgment, in the absence of a want of reasonable care and skill in the application of his medical learning…will not render a doctor responsible for untoward consequences in the treatment of his patient." *Huffman v. Lindquist*, 37 Cal. 2d 465, 475 (1951).

**Defendant Khamooshian**

Plaintiff alleges that Defendant Khamooshian committed medical

10

17cv02053-BAS-MDD

malpractice when he failed to provide medical care to Plaintiff. (ECF No. 1 at 10). Plaintiff claims that he suffers pain daily. (*Id.*).

When Defendant Khamooshian interviewed Plaintiff at the hospital, he interpreted lab results and discussed a future appointment. He had a duty to exercise diligence, care, and skill such as is ordinarily possessed by other members of the profession.

Although Plaintiff disagreed with Defendant Khamooshian's interpretation of the labs, he has not alleged facts sufficient to show that Defendant Khamooshian's assessment and interpretation of the medical labs breached his duty. Further, Plaintiff has not shown that Defendant Khamooshian's assessment and evaluation contributed to Plaintiff's injury. Plaintiff has failed to show that Defendant's interpretation of the lab results caused further injury.

Plaintiff alleges scant facts by which he concludes he was damaged by Defendant Khamooshian's conduct. He asserts that "he suffers unnecessary pain daily," but fails to provide further detail. (ECF No. 1 at 10). Plaintiff does not relate his pain to improper lab interpretations, yet that interpretation was the only service Defendant Khamooshian provided to Plaintiff. Therefore, the claim of medical malpractice is insufficiently pled with regard to Defendant Khamooshian.

**Defendant Zhang**

Plaintiff alleges that Defendant Zhang committed medical malpractice because, although Defendant Zhang was aware of Plaintiff's medical history, he lied and failed to treat Plaintiff's ailments. (ECF No. 1 at 10). Plaintiff alleges, but does not support the contention, that the misdiagnosis was deliberate. (*Id.*)

Without including facts demonstrating how Defendant Zhang breached

11

his duty as a medical professional, or how that breach is the proximate cause of Plaintiff's damages, the Court cannot plausibly infer medical malpractice. Therefore, the claim of medical malpractice against Defendant Zhang has been insufficiently pled.

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's claim for medical malpractice be **GRANTED** and Claim 3 be **DISMISSED WITHOUT PREJUDICE**.

## V. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that:

Defendants' Motions be **GRANTED** and all claims in the Complaint be **DISMISSED WITHOUT PREJUDICE**.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **November 23, 2018.** The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **November 30, 2018.**

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: November 8, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge