# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>        Plaintiff,<br><br> v.<br><br>K. KHAMOOSHIAN, *et al.*,<br><br>        Defendants. | Case No. 17-cv-02053-BAS-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION**<br><br>[ECF No. 81] |

Plaintiff Raymond Alford Bradford has filed a Motion entitled "Motion for Protective Order and Extraordinary and Emergency Relief" and "Motion for Evidentiary Sanctions and to Stay the Ruling on Report and Recommendation Until Plaintiff's Access to Photocopying Services are Provided." ("Mot.," ECF No. 81.)[1]

**I. PROCEDURAL BACKGROUND**

On November 8, 2018, Magistrate Judge Dembin issued a report and recommendation ("R&R") regarding Defendants' motions to dismiss. (ECF No. 71.) Any objections to the R&R were to be filed by November 23, 2018. On November 19, 2018,

---

[1] Further, Plaintiff requests permission to appear telephonically to argue the present Motion. The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). The Court **DENIES AS MOOT** Plaintiff's request to appear telephonically.

1

Plaintiff filed a motion requesting copies of recent orders and the docket sheet of this case. (ECF No. 73.) The Court granted the motion, directed the Clerk to send Plaintiff a copy of the docket and the R&R, and granted Plaintiff an extension to file his objections to the R&R. (ECF No. 74.) On November 28, 2018, Plaintiff filed objections to the R&R. (ECF No. 75.) On December 6, 2018, Plaintiff filed an ex parte motion requesting an extension of time to January 7, 2019 to file objections to the R&R. (ECF No. 76.) The Court granted the extension and Plaintiff filed his second objection. (ECF No. 78).

In his second objection, Plaintiff stated he did not have copies of certain documents. because the prison officials poured feces all over Plaintiff's legal property. Plaintiff stated without the documents he cannot fully litigate his case. The Court provided Plaintiff with a copy of the relevant filings in this case so that he may file substantive objections to the R&R. The Court provided Plaintiff a copy of his Complaint, the relevant orders, the motions to dismiss, and his responses to the motions. Along with the documents, the Court again granted Plaintiff an extension of time to file objections to the R&R. Plaintiff's objections are due January 25, 2019.

## II. ANALYSIS

As evidenced by the title of his Motion, Plaintiff's request is multi-faceted. He requests (1) a protective order commanding prison officials to return his medication; (2) an order for emergency relief to ensure Plaintiff's "safety, security, concerns, special programming needs are met";[2] and (3) an order staying the ruling on the R&R until Plaintiff Plaintiff's "access to photocopying services can either be ordered or the prison officials stop denying Plaintiff this service to obstruct his access to courts." (Mot. 1–2.)

Plaintiff's complaint that he has no access to photocopying services has been diminished by the fact that the Court has sent Plaintiff all necessary documents that he may use to file objections to the R&R. It appears Plaintiff has indeed received the documents

---

[2] This includes a request for a 24-hour observation unit team, nurses, or physical technicians to ensure Plaintiff receives his meals, showers, visits, yards, medication, law library access, medical supplies, legal supplies, and medical appointments. (Mot. 2–3.)

because he acknowledges he must file objections on or before January 25, 2019. (Mot. 7.) Plaintiff also does not explain why he needs his medication to file objections to the R&R. Indeed, Plaintiff managed to file the present motion allegedly without his medication. Further the filing of the present motion shows Plaintiff has not been hindered from filing documents in his case. The Court has granted Plaintiff numerous extensions in which to file his objections. Plaintiff has had more than sufficient time to do so. Thus, the Court **DENIES** Plaintiff's request to stay ruling on the R&R. Plaintiff's objections must be filed <u>on or before January 25, 2019.</u>

As to Plaintiff's other requests, first, he has given no valid reasoning why he should be granted emergency relief regarding his safety concerns. Further, the requests appear to be unrelated to the allegations in the Complaint. Plaintiff may not bring new allegations into his suit through a motion for emergency relief. The Court **DENIES WITHOUT PREJUDICE** this request. Second, as to Plaintiff's request for a protective order, a request for medication is not properly a request for a "protective order" – a protective order governs confidentiality of discovery. Further, again, it is unclear how the request is connected to Plaintiff's case or even if Defendants in this case are involved in the alleged withholding of medication. Plaintiff may not simply file any request that is unconnected to the allegations in the Complaint. The Court **DENIES WITHOUT PREJUDICE** the motion for protective order.

**IT IS SO ORDERED.**

DATED: January 7, 2019

Hon. Cynthia Bashant
United States District Judge