# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>                   Plaintiff,<br><br>v.<br><br>K. KHAMOOSHIAN, *et al.*,<br><br>                   Defendants. | Case No. 17-cv-02053-BAS-MDD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTIONS TO DISMISS**<br><br>[ECF Nos. 37, 41, 71] |

     Plaintiff Raymond Alford Bradford filed a Complaint against Defendants Khamooshian and Zhang. ("Compl.," ECF No. 1.) Both Defendants moved to dismiss the claim. ("Zhang MTD," ECF No. 37; "Khamooshian MTD," ECF No. 41.) Plaintiff filed a response in opposition, ("Opp'n," ECF No. 61) and Defendant Khamooshian filed a reply, ("Reply," ECF No. 65). Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation ("R&R") regarding the motions to dismiss. ("R&R," ECF No. 71.) Plaintiff filed three sets of objections to the R&R. (ECF Nos. 75, 78, 83.)

1

# BACKGROUND[1]

Plaintiff is presently incarcerated at Richard J. Donovan Correctional Facility ("RJDCF"). Defendant Zhang is a physician at RJDCF and Defendant Khamooshian is a physician at Alvarado Hospital Medical Center. (Compl. 2, 3.) Plaintiff alleges Defendants denied Plaintiff access to medical care and delayed his treatment. (*Id.*)

On August 30, 2017, Plaintiff was transferred to Alvarado Hospital Medical Center because he was complaining of "excruciating rectal pain and active bleeding" and experiencing "blood diarrhea, mucus-pus stools and pain in his penis area." (*Id.* at 4.) Plaintiff has a blood clotting disorder as well as ulcerative colitis, proctitis and diverticulosis. (*Id.*) An unnamed physician at the hospital ordered a rectal exam, lab studies, and an x-ray of Plaintiff's abdomen. Plaintiff was given pain medication. (*Id.* at 5.) Defendant Khamooshian then met with Plaintiff and informed him the tests were normal and there was "no active bleeding to support a finding of a 'flare up' of Plaintiff's ulcerative colitis." (*Id.*) Plaintiff was discharged and was instructed that RJDCF would follow up in two weeks. (*Id.* at 6.) Plaintiff returned to RJDCF and submitted an emergency sick slip every day afterwards requesting to see a doctor about his pain and active bleeding. (*Id.*)

On September 14, 2017, Plaintiff was transferred back to Alvarado Hospital, complaining of the same pain. (*Id.*) A colonoscopy was performed on Plaintiff. Plaintiff was discharged even though he was "still in pain and having up to 10 bowel movements daily." (*Id.*) On September 18, 2017, Defendant Zhang met with Plaintiff. Zhang informed Plaintiff that Zhang would need to do a rectal exam "each visit to see if Plaintiff's claim of active bleeding was true." (*Id.* at 7.) Plaintiff asserts there is no reason for a rectal exam except to inflict unnecessary harm on Plaintiff. (*Id.*) Zhang informed Plaintiff that he could not find Plaintiff's colonoscopy results, his lab studies were normal, and Plaintiff

---

[1] The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of the analysis of the motions to dismiss. *See Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

was "not bleeding according to the test results." (*Id.*) Zhang scheduled a follow up with a gastroenterologist. Plaintiff's request to be housed in the infirmary was denied. (*Id.*) Plaintiff states he is still bleeding daily, and that Defendant Zhang is aware of Plaintiff's ulcerative colitis history and blood clotting disorder. (*Id.*)

Plaintiff's first cause of action is for a violation of his Eighth Amendment rights to be free from cruel and unusual punishment. His second cause of action is for "gross negligence and malpractice" under Government Code section 844.6(d).

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Plaintiff has filed three sets of objections to the R&R.

### I. Summary of Plaintiff's Objections

In his first objections, Plaintiff argues the Court has already screened his Complaint and thus determined it states a claim and cannot be dismissed. (ECF No. 75, at 2.) This argument fails. "[T]he sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). Plaintiff also argues Khamooshian "brought up Plaintiff's Rule 9(b) fraud claim" in the motion to dismiss but the R&R did not address the claim. (*Id.* at 3.)

In his second objections, Plaintiff requests the Court provide him with copies of

3

relevant documents. (ECF No. 78, at 2.) The Court directed the Clerk to send the requested documents to Plaintiff and granted Plaintiff an extension of time in which to file objections. (ECF No. 79.) Plaintiff then filed a third set of objections, which only refer to another motion which Plaintiff had filed requesting extraordinary relief. (ECF No. 83 (citing ECF No. 81).) The Court had denied the motion because it was unrelated to the allegations or to the Defendants in the Complaint. (ECF No. 82.) The third objections do not refer to the R&R or to any allegations relevant to this matter.

## II. Eighth Amendment Claim

### A. Legal Standard

To allege a violation of the Eighth Amendment for inadequate medical care, a plaintiff must satisfy both an objective and a subjective standard. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). The objective standard is satisfied by the allegation of a "serious medical need." *Id.* The subjective standard involves analysis of "the nature of the defendant's response to [the serious medical] need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). The element is met if the defendant "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)

### B. Defendant Khamooshian

Plaintiff alleges that Defendant Khamooshian was deliberately indifferent when he"[lied] about Plaintiff's condition . . . knowing that lie would punish Plaintiff unjustly, cause him unnecessary harm, and deny, delay, and interfere with his access to adequate and constitutionally acceptable medical care and treatment for his serious medical needs." (Compl. 8.) Khamooshian argues Plaintiff has not established deliberate indifference. (Khamooshian MTD 15.) He also argues "Plaintiff's deliberate indifference cause of action appears to be predicated on the claim that Dr. Khamoosian 'lied' about Plaintiff's alleged medical conditions and test results" and Plaintiff cannot establish medical fraud. (*Id.* at 16.) Judge Dembin recommends the Court grant Defendant's motion to dismiss this

claim because Plaintiff has not asserted sufficient information of a constitutional violation. (R&R 7–8.)[2] Judge Dembin notes Khamooshian only interacted with Plaintiff on one occasion, where Khamooshian interpreted lab results, told Plaintiff they were normal, and concluded Plaintiff did not need immediate treatment. Khamooshian then scheduled a follow up. (*Id.* at 6–7.) In sum, "[b]y providing Plaintiff with the lab results and scheduling a follow up appointment, Defendant Khamooshian did not disregard Plaintiff's health, as Plaintiff so claims." (*Id.* at 7.)

First, the Court finds Plaintiff has pled the existence of an objectively serious medical need because Plaintiff has pled daily and substantial pain. *See McGuckin*, 974 F.2d at 1059–60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). The issue then becomes whether Plaintiff alleges that Khamooshian acted with deliberate indifference to Plaintiff's needs by "knowing of and disregarding an excessive risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi*, 391 F.3d at 1060). Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–07.

Plaintiff states he has been actively bleeding daily since August 29, 2017. (Compl. 4–5.) After he received a rectal exam and an x-ray, Plaintiff met with Dr. Khamooshian on September 1, 2017. (*Id.* at 5.) Khamooshian told Plaintiff his tests were normal and

---

[2] As Plaintiff points out, Judge Dembin did not address the alleged "fraud" claim referenced in Khamooshian's motion to dismiss. Plaintiff did not allege a fraud claim, thus there was no need for Khamooshian to move to dismiss it and no need for Judge Dembin to address it.

"there was no active bleeding to support a finding of a 'flare up' of Plaintiff's ulcerative colitis." (*Id.*) Then, "as an after-thought," Khamooshian said RJDCF would follow up in two weeks. (*Id.* at 6.)

Plaintiff broadly alleges Khamooshian lied in interpreting the results. Plaintiff provides no detail supporting this conclusory allegation. *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 834 (9th Cir. 2012). ("[C]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss."). For example, Plaintiff provides no detail why Khamooshian's reading of the tests was a lie or what tests were run and why Plaintiff believes the tests were not normal. Khamooshian is unable to defend against Plaintiff's broad claim of a lie without any supporting information behind the allegation. Further, it is unclear exactly how Khamooshian disregarded Plaintiff's safety. Plaintiff admits Khamooshian scheduled him for a follow up appointment two weeks later. Khamooshian did not disregard Plaintiff's safety if there was no harm that resulted from the alleged lie. Therefore, the Court agrees with Judge Dembin that Plaintiff has not sufficiently pled an Eighth Amendment violation. The Court **ADOPTS** the R&R, **GRANTS** Khamooshian's motion to dismiss this claim, and **GRANTS** Plaintiff leave to amend the claim.

C. **Defendant Zhang**

Plaintiff alleges Zhang determined Plaintiff's lab studies were normal and informed Plaintiff the test results showed Plaintiff was not bleeding. (Compl. 7.) Zhang scheduled a follow up and denied Plaintiff's request to be housed in infirmary. (*Id.*)

Plaintiff complains that Zhang withheld treatment until Zhang had reviewed the colonoscopy results, which caused Plaintiff's illness to worsen. (*Id.*) Plaintiff underwent a colonoscopy on September 14, 2017 and met with Zhang on September 18, 2017. (*Id.* at 6, 7.) A four-day delay to review results is not evidence of "withholding" treatment. Further, after Zhang met with Plaintiff, Zhang scheduled Plaintiff for a follow up with a gastroenterologist. (*Id.* at 9.) Plaintiff complains that the follow up appointment was "weeks" away. The fact that the follow up appointment was not immediate does not show

6

deliberate indifference, but possibly only a busy doctor's schedule. The dates of Plaintiff's treatment do not support his allegation that Zhang "denied, delayed, and interfered with treatment." (*See id.*)

Further, Plaintiff takes issue with Zhang's decision to "do [a] rectal exam each visit to see if Plaintiff's claim of active bleeding is true." (*Id.* at 7.) There is no deliberate indifference in this medical decision; there are many logical reasons why Zhang could determine a rectal exam was necessary. *See Toguchi*, 391 F.3d at 1059–60 (holding a mere disagreement between an inmate and medical staff over the course of treatment does not suffice to show deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (holding to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health"). There is no evidence that Zhang's medical decision was unacceptable or even unreasonable.

Plaintiff also alleges Zhang lied about the results of the colonoscopy result. (*Id.* at 8.) But Plaintiff also says Zhang "could not find" the colonoscopy results, so it is illogical that Zhang lied in interpreting the results if he did not have the results in the first place. Plaintiff's allegations do not support the claim that Zhang lied, thus, Plaintiff has not pled deliberate indifference.

In sum, Zhang's medical decisions do not show deliberate indifference. The Court **ADOPTS** the R&R, **GRANTS** Zhang's motion to dismiss this claim, and **GRANTS** Plaintiff leave to amend the claim.

### III. Gross Negligence and Medical Malpractice Claim

Judge Dembin divided Plaintiff's second claim into two separate claims, one of gross negligence and one of medical malpractice. There is no separate, recognized cause of action for "gross negligence." *Allen v. Woodford*, No. 05-cv-1104, 2006 WL 3762053, at *15 (E.D. Cal. 2006) (citing *Cont'l Ins. Co. v. Am. Prot. Indus.*, 197 Cal. App. 3d 322, 329 (1987)). Accordingly, the action is treated as one for medical malpractice.

To prove medical malpractice, a plaintiff must demonstrate: (1) a duty to exercise that degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances; (2) a breach of the duty to exercise such skill, prudence, and diligence; (3) proximate causal connection between the conduct and the injury; and (4) resulting loss or damage. *Chakalis v. Elevator Sols., Inc.*, 205 Cal. App. 4th 1557, 1571 (2012) (citing *Johnson v. Superior Court*, 143 Cal. App. 4th 297, 305 (2006)).

Plaintiff alleges that both Defendants "negligently misdiagnosed" Plaintiff's symptoms of active bleeding, rectal pain, penis pain, bloody diarrhea, and colitis flare up. (Compl. 10.) He alleges this misdiagnosis caused his injury and illness to worsen, and Plaintiff "suffers unnecessary pain daily." (*Id.*) The analysis here is the same as the above analysis for deliberate indifference: Plaintiff's broad allegation of a lie, or misdiagnosis, is conclusory and without supporting allegations. Without support, Plaintiff's allegation that both Defendants breached their duties is not plausible. Further, Plaintiff has not alleged how Defendants' actions caused him harm or further injury. Plaintiff's broad, conclusory allegation that he "suffers unnecessary pain daily" is insufficient because it is not alleged how the pain was caused by Defendants' actions.

The Court **ADOPTS** the R&R, **GRANTS** Khamooshian's and Zhang's motions to dismiss this claim, and **GRANTS** Plaintiff leave to amend the claim.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, (ECF No. 71), and **GRANTS** Khamooshian's and Zhang's Motions to Dismiss, (ECF Nos. 37, 41). The Court **GRANTS** Plaintiff leave to amend his Complaint. Plaintiff may file an amended complaint <u>on or before February 28, 2019.</u> Plaintiff is cautioned that should he choose to file a First Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim, against any and all defendant not re-alleged will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading

may be "considered waived if not repled").

**IT IS SO ORDERED.**

**DATED:  January 28, 2019**

Hon. Cynthia Bashant
United States District Judge