1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   RAYMOND ALFORD BRADFORD,              Case No.:  3:17-CV-2053-BAS-MDD
     CDCR #H-16258,
12                                         **ORDER:**
                             Plaintiff,
13                                         **(1) GRANTING DEFENDANTS'**
           vs.                             **MOTIONS TO DISMISS FIRST**
14                                         **AMENDED COMPLAINT FOR**
                                           **FAILING TO STATE A CLAIM**
15                                         **Fed. R. Civ. P. 12(b)(6);**
     K. KHAMOOSHIAN; ZHANG; VOONG;
16   ALVARADO HOSPITAL MEDICAL
     CENTER; CITY OF SAN DIEGO;            **(2) SUA SPONTE DISMISSING**
17   COUNTY OF SAN DIEGO; STATE OF         **REMAINING CLAIMS AND**
     CALIFORNIA; LISA L. FREUND;           **DEFENDANTS PURSUANT TO 28**
18   BRANDON D. MERRITT; MATTHEW           **U.S.C. § 1915(e); and**
     ROSS WILSON; LARAYA M.
19   PARNELL,                              **(3) DENYING MOTION TO DISMISS**
                                           **FOR INVALID SERVICE OF**
20                           Defendants.   **SUMMONS AS MOOT**
21
                                           **[ECF Nos. 108, 109, 117, 122, 124, 133]**
22
23
24
25
26         Plaintiff Raymond Alford Bradford, currently incarcerated at Corcoran State Prison,
27   is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42
28   U.S.C. § 1983.  Plaintiff's first complaint was brought only against two individuals,

                                         1

Defendants Zhang and Khamooshian, and he alleged Eighth Amendment violations, gross negligence, and medical malpractice. (ECF No. 1.)[1] The Court granted Zhang and Khamooshian's motions to dismiss but granted Plaintiff leave to file a first amended complaint. (ECF No. 89.) He did so and greatly expanded on the claims from his original complaint. In his First Amended Complaint ("FAC"), Plaintiff alleges that all named Defendants violated his constitutional and state law rights while he was housed at the Richard J. Donovan Correctional Facility ("RJD"). ("FAC," ECF No. 97.) Plaintiff also alleges that his constitutional and state law rights have been violated at various other state prisons as well.

Currently before this Court are Defendants Zhang, Khamooshian, Freund, Merritt, and Voong's Motions to Dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 108, 109, 117, 122, 133.) In addition, Defendants Parnell and Wilson have filed a Motion to Dismiss for Invalid Service of Summons. (ECF No. 124.) Plaintiff filed an Opposition to the Motions filed by Zhang, Khamooshian, and Merritt. (ECF Nos. 112, 131.) Defendants Khamooshian and Merritt have filed Replies. (EFC Nos. 115, 239.)

Having carefully considered Defendants' Motions, Plaintiff's FAC, his Oppositions, and Defendants' Replies as submitted, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6). The Court also sua sponte **DISMISSES** the remaining claims and Defendants pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. Because the Court also finds Plaintiff's claims could not be cured by alleging additional facts, the Court **DENIES** leave to amend as futile.

/ / /

/ / /

---

[1] As the Court noted in its original order, "Plaintiff has been previously denied leave to proceed IFP in the Eastern District of California because he has had more than three civil actions or appeals dismissed due the actions being found to be frivolous, malicious, or failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(g)." (ECF No. 21, at 4 n.2 (citing Plaintiff's prior cases).) However, the Court granted Plaintiff leave to proceed IFP in this case regardless of his prior "strikes" history because "Plaintiff's allegations [were] sufficient to meet section 1915(g)'s "imminent danger" exception. (*Id.*)

## I. Plaintiff's Allegations

Plaintiff "arrived at RJD" on August 29, 2017. (FAC at 3.) Plaintiff "complained repeatedly to the medical staff" that he required "emergency treatment" for a variety of medical issues. (*Id.*) Specifically, Plaintiff alleges that he was experiencing "rectal pain," "active bleeding," "bloody diarrhea, mucus-pus loose stools, colitis flare up, proctitis, diverticulosis, and pain in his penis area." (*Id.*)

Plaintiff claims that "rectal bleeding from a flare up of colitis placed [his] life at risk of serious injury or fatal complications due to the blood thinner." (*Id.*) Plaintiff alleges Defendant Zhang "denied, [and] delayed access to emergency medically indicated treatment" when he failed to "admit Plaintiff to the prison's infirmary before and after the colonoscopy results." (*Id.*) Plaintiff claims that a "gastroenterologist report" provided to Zhang "proved that Plaintiff suffered from an active 'flare up' colitis, rectal bleeding" along with other medical issues. (*Id.* at 4.)

Plaintiff alleges that Zhang "would have the prison guards retaliate against [him] by daily harassing him by stealing his legal supplies, mattress, food, hygiene, [and] incontinence supplies." (*Id.*) He further alleges that a "rectal exam was used to inflict unnecessary pain to discourage Plaintiff from seeking treatment" and to "make Plaintiff sign a refusal of treatment form." (*Id.*) Plaintiff "immediately filed an emergency medical appeal and while it was pending," he "filed this instant cause of action." (*Id.*) As a result of this action, Plaintiff claims he was "framed by the prison guards for (2) attempted murders." (*Id.*) Correctional counselors "G. Pickett, J. Robles, and M. Wallace" purportedly "told Plaintiff he would find trouble if he did not drop and stop filing the lawsuit against prison officials." (*Id.*)

On August 30, 2017, Plaintiff was "transferred to Alvarado Hospital Medical Center due to excruciating rectal pain, bloody diarrhea, mucus-pus stools, penis area pain, colitis flare up, proctitis, [and] diverticulosis." (*Id.* at 5.) Plaintiff also claims he has a "blood clotting disorder" and is "on anticoagulation medication." (*Id.*) Plaintiff was admitted to this hospital for "overnight observation" by "treating physician J. Whitley, M.D." (*Id.*)

Plaintiff claims that his "blood test results were extremely high" which placed Plaintiff "at risk of excessive bleeding complications with colitis, an active flare up." (*Id.*) The following day, Defendant Khamooshian informed Plaintiff that his blood test results and rectal exam were "all normal." (*Id.*) Plaintiff alleges that the examination by Khamooshian took "approximately [five] minutes." (*Id.*) He further claims Khamooshian "set out to undermine the admitting physician J. Whitley who actually did the rectal exam." (*Id.*) Khamooshian purportedly informed Plaintiff that he "did not have colitis or active bleeding." (*Id.* at 6.) Plaintiff claims that Khamooshian tried to "convince" him that the other physician was "lying" and this "interference" by Khamooshian was to "cause fatal complications and unnecessary infliction of pain." (*Id.*)

Two weeks later, on September 14, 2017, Plaintiff "received a colonoscopy." (*Id.*) He alleges that the gastroenterologist report "proved that Plaintiff suffered from an active 'flare up' [of his] ongoing colitis, massive rectal bleeding, proctitis, weight loss, stomach cramps, and diverticulosis." (*Id.* at 6–7.) Plaintiff claims he was provided "copies of his medical records from Alvarado Hospital Medical Center" which "proves" Khamooshian "lied about Plaintiff's colitis active flare up, massive rectal bleeding, proctitis, weight loss, stomach cramps, diverticulosis, and pain/discomfort." (*Id.* at 7.) Plaintiff alleges Khamooshian's actions "caused Plaintiff's condition to deteriorate." (*Id.*)

Plaintiff alleges he was "brutally attacked by the prison guards shortly after" he filed this action on May 17, 2018. (*Id.* at 8.) He further claims that he "received a warning by several prison officials, including the Correctional Counselor G. Pickett, that sounded more like a verbal threat to drop and stop pursuing litigation and if he continued filing he would be headed for trouble." (*Id.*) As a result, Plaintiff filed in this case a motion for injunctive relief, requesting he be "placed in protective housing unit due to his safety concerns." (*Id.*) However, this request was denied. Plaintiff claims he was "framed for, and charged with (2) bogus (RVR 115) for attempted murder on a peace officer and inmate." (*Id.*)

Plaintiff claims "prison guards attacked [him] on three separate occasions" in May, August, and October of 2018 "in retaliation for filing civil lawsuits." (*Id.* at 9.) Plaintiff

alleges as a result of these attacks he suffered from a "completely collapsed lung, pneumonia, left lower lobe head/brain injury, spinal cord damage, right mid finger fracture, facial swelling," and "pepper gas spray burning eyes." (*Id.*) Plaintiff also claims, "prison guards poured feces all over Plaintiff's boxes of legal property at [California State Prison – Los Angeles County ("CSP-LAC")]." (*Id.*) While housed at RJD, Plaintiff alleges he "lost his legal property." (*Id.*) Plaintiff argues that the "prison guards were acting in concert with the Deputy Attorney General's Office (Lisa L. Freund, Laraya M. Parnell, Kelly Ariana Samson, Matthew Ross Wilson, Thomas P. Feher and Franklin D. Gordon) to obstruct justice" and were denying Plaintiff "meaningful access to court by stealing his legal papers." (*Id.*) Plaintiff claims he is a "victim of an active and ongoing conspiracy to commit murder against him." (*Id.*)

## II. Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

### A. <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. Mar. 20, 2018).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss," including the exhibits attached to it. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss (citation omitted)). However, exhibits that contradict the claims in a complaint may fatally undermine the complaint's allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a

plaintiff can "plead himself out of a claim by including . . . details contrary to his claims") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"))); *see also Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (courts "may consider facts contained in documents attached to the complaint" to determine whether the complaint states a claim for relief).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa County*, 865 F.3d 1224, 1228–29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive

of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**B.** **Eighth Amendment – Inadequate Medical Care Claims**

Plaintiff alleges Defendants Zhang and Khamooshian violated his Eighth Amendment rights.

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104); *see also Wilhelm v. Rotman*, 680 F.3d 1108, 1113 (9th Cir. 2012).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103–04. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990)).

Here, Defendants do not argue that Plaintiff has failed to allege facts to plausibly show that his medical needs were 'serious,' and the Court finds Plaintiff's FAC is sufficiently pled in this regard.

Therefore, the Court must next decide whether Plaintiff's FAC further contains sufficient "factual content" to show that any named Defendant acted with "deliberate indifference" to his needs. *McGuckin*, 914 F.2d. at 1060; *see also Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)

### 1. Claims against Zhang

In his FAC, Plaintiff alleges Defendant Zhang "denied, [and] delayed access to emergency medically indicated treatment" when he failed to "admit Plaintiff to the prison's infirmary before and after the colonoscopy results." (FAC at 3.) Plaintiff claims that a "gastroenterologist report" provided to Zhang "proved that Plaintiff suffered from an active 'flare up' colitis, rectal bleeding" along with other medical issues. (*Id.* at 4.) He further alleges that a "rectal exam was used [by Zhang] to inflict unnecessary pain to discourage Plaintiff from seeking treatment" and to "make Plaintiff sign a refusal of treatment form." (*Id.*) Plaintiff alleges that Zhang was lying when he told Plaintiff that "no pain medication would be given" until Zhang "could find the test results he had access to or possession of already." (*Id.* at 26.) He further claims that Zhang purportedly lied when he told Plaintiff "that all lab studies" from Alvarado Hospital were "normal." (*Id.* at 27.)

Zhang moves to dismiss this claim because he argues the allegations are insufficient to support a claim of deliberate indifference. (ECF No. 108-1, at 15.) Specifically, Zhang argues Plaintiff's claims merely demonstrate a "difference of opinion as to how Plaintiff's medical care should be handled." (*Id.*) In response to Zhang's Motion, Plaintiff filed a "Motion to Strike Defendants' Motion to Dismiss" and a "Request for Order for Legal Property and Medical Records" which has been liberally construed as Plaintiff's Opposition. (ECF No. 112.) However, in this Opposition, Plaintiff offers no factual or legal rebuttal to Defendant's position.

The Court finds that the allegations in Plaintiff's FAC fall far short of finding "deliberate indifference" on the part of Zhang. His allegations that Zhang refused to admit him to the infirmary and conducted a rectal exam which Plaintiff believed was unnecessary

demonstrate nothing more than a difference of opinion as to the course of Plaintiff's medical treatment. A "difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citation omitted), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); *Wilhelm*, 680 F.3d at 1122–23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted). He has failed to do this.

Moreover, to the extent that Plaintiff claims Zhang's treatment of his medical condition constituted medical malpractice, these claims are also insufficient to find that Zhang was "deliberately indifferent" to his serious medical needs. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Gamble*, 429 U.S. at 106; *see, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin*, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Finally, Plaintiff's claims that Zhang lied about his test results, without more substantial factual allegations, also fails to rise to the level of "deliberate indifference." As set forth above, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678–79.

Accordingly, the Court **GRANTS** Defendant Zhang's Motion to Dismiss Plaintiff's Eighth Amendment claims.

## 2.     Claims against Defendant Khamooshian

Plaintiff alleges even less interaction with Khamooshian. Khamooshian is alleged to be a doctor who examined Plaintiff for only "five minutes" when Plaintiff was admitted to Alvarado Hospital. (FAC at 5.) When Khamooshian examined Plaintiff, he informed him that his blood test results and rectal exam were "all normal." (*Id.*) Khamooshian purportedly informed Plaintiff that he "did not have colitis or active bleeding." (*Id.* at 6.) Plaintiff claims that Khamooshian tried to "convince" him that the other physician was "lying" and this "interference" by Khamooshian was to "cause fatal complications and unnecessary infliction of pain." (*Id.*) Plaintiff was discharged from Alvarado Hospital after his examination by Khamooshian. (*Id.* at 6–7.) There are no allegations that Plaintiff had any interaction with Khamooshian after he was discharged from Alvarado Hospital or that Khamooshian was involved in any way in Plaintiff's ongoing medical treatment.

In Khamooshian's Motion, he argues that Plaintiff "fails to plead more than a naked assertion that Dr. Khamooshian was 'lying' about his medical condition and test results." (ECF No. 109-1 at 18.) In his Opposition, Plaintiff argues Defendant's Motion is "frivolous under fraud, it's scandalous, immaterial, redundant, unfounded and serves no other purpose than to cause unduly delay, prejudicial effect on Plaintiff's case." (ECF No. 112 at 3.)

Plaintiff's entire claim rests on what he claims was a short interaction with Khamooshian and he does not allege that Khamooshian played any role in Plaintiff's ongoing medical treatment or lack of medical treatment. Plaintiff's only allegation relating to "deliberate indifference" is his claim that Khamooshian was lying about his test results. Plaintiff fails to allege facts sufficient to show how this one alleged act by Khamooshian caused him any injury.

Thus, to the extent that Plaintiff is claiming that Khamooshian's actions caused a delay in his treatment, he has failed to provide the adequate showing. Plaintiff alleges that Khamooshian actions "caused Plaintiff's condition to deteriorate" but offers no factual allegations to support this claim. (FAC at 7.)

Any delay in providing an appropriate course of treatment does not by itself show deliberate indifference, unless the delay is alleged to have caused harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Here, Plaintiff fails to provide any specific factual or plausible allegations that would demonstrate that Khamooshian participated in any purported delay in his medical treatment or that he suffered any harm as a result of the purported delay.

The Court finds that Plaintiff's FAC contains no facts sufficient to show that Khamooshian acted with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive risk to his health and safety," or choosing any "medically unacceptable" course of treating his medical condition in conscious disregard to his health. *Farmer*, 511 U.S. at 837; *Snow*, 681 F.3d at 988.

Accordingly, the Court **GRANTS** Defendant Khamooshian's Motion to Dismiss Plaintiff's Eighth Amendment claims.

### D. Fourteenth Amendment Claims

Plaintiff claims all named Defendants "imposed atypical and significant hardship on Plaintiff's prison life" in violation of his Fourteenth Amendment rights. (FAC at 34–35.) Both Defendants Zhang and Khamooshian move to dismiss this claim on the basis that Plaintiff has failed to state a claim upon which § 1983 relief may be granted. (*See* ECF No. 108 at 12–13; ECF No. 109 at 13–14.)

Plaintiff's claims are difficult to decipher and do not set forth any specific factual allegations in support of a Fourteenth Amendment claim. Plaintiff broadly alleges Defendants "subjected Plaintiff to cruel and unusual, barbaric, torture and unsafe prison conditions so harsh it jeopardized his life, health, safety, security, and special programming needs." (FAC at 35.)

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks

omitted).

Here, Plaintiff fails to identify a liberty interest and merely uses the term "atypical and significant hardship" without any underlying factual allegations specific to this claim. This is "no more than [a] conclusion" and insufficient to show he is entitled to relief. *See Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

Thus, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment claims.

### E. Americans with Disabilities Act and Rehabilitation Act Claims

Defendants move to dismiss Plaintiff's claims brought pursuant to the Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act ("RA"). (*See* ECF No. 108-1 at 13–14; ECF No. 109-1 at 14–16.)

The ADA applies in the prison context. *See* 42 U.S.C. § 12131(1)(B); *U.S. v. Georgia* 546 U.S. 151, 154 (2006). In order to state a claim under Title II of the ADA, however, a plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Correctional Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)). The elements to establish a violation of the Rehabilitation Act are similar. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Plaintiff brings his claim against the individual Defendants. (FAC at 38–42.) But "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002). Therefore

12

Plaintiff's ADA and/or RA claim is precluded. Moreover, to the extent Plaintiff seeks to bring his ADA/RA claim against a public entity, the Court finds that Plaintiff's FAC fails to allege facts to show that Plaintiff was discriminated against "solely by reason of disability." *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) (citation and internal quotation marks omitted); *see also Simmons v. Navajo County Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2001) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's ADA and RA claims for failing to state a claim upon which relief may be granted.

## F. <u>Equal Protection and First Amendment Retaliation Claims</u>

Defendants move to dismiss Plaintiff's retaliation and equal protection claims. (*See* ECF No. 108-1 at 15–16; ECF No. 109-1 at 16–17.) Defendant Zhang argues that Plaintiff has failed to allege facts sufficient to support each element of an equal protection or retaliation claim. (ECF No. 108-1 at 15.) Defendant Khamooshian argues that Plaintiff "has not factually established that Dr. Khamooshian is either a state actor or was acting under the color of the law while engaging in the alleged activity which Plaintiff claims has violated his First Amendment rights." (ECF No. 109-1 at 16.)

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).[2] Second, Plaintiff must allege Defendants took adverse action against him.[3] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[4] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the

---

[2] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[3] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action[.]" *Brodheim*, 584 F.3d at 1270 (emphasis removed).

[4] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison*,

"official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[5] Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114–15.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc*., 473 U.S. 432, 439 (1985). An equal protection claim is pleaded by alleging that a defendant intentionally discriminated against the plaintiff based on his membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or by alleging facts sufficient to plausibly show that similarly situated individuals were intentionally treated differently absent a rational relationship to a legitimate state purpose. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601–02 (2008); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

The Court finds that Plaintiff's FAC falls far short of alleging facts to support any of the elements of an equal protection or retaliation claim. Rather, in support of these claims, Plaintiff sets forth conclusory allegations that all the Defendants named in this action "willingly participated in an active, ongoing conspiracy to commit murder against Plaintiff." (FAC at 44.) Thus, Plaintiff is alleging a physician at an outside hospital, a prison physician, deputy attorney generals, and a private attorney representing a defendant in this matter are all conspiring to murder him.

A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). Courts

---

668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[5] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.

have "the unusual power to pierce the veil" of a complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 32–28).

Plaintiff invokes no arguable legal basis for his suit, and his factual allegations are plainly frivolous. *Id.; see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) ("An in forma pauperis complaint is frivolous if it has no arguable basis in fact or law." (citation and internal quotation marks omitted)). Moreover, Plaintiff has made these allegations in several other civil cases he has brought while housed at various CDCR institutions.[6]

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's equal protection and retaliation claims on the grounds that he has failed to state a claim upon which relief may be granted and these claims are frivolous.

/ / /

---

[6] Plaintiff first made these allegations in his FAC which he filed on February 22, 2019. (*See* ECF No.1 at 1.) The Court takes judicial notice of three separate civil rights actions he has filed in the Southern, Central, and Northern Districts of California. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'" (citation omitted)). In *Bradford v. Peralta*, S.D. Cal. Case No. 3:19-cv-01222-CAB-BGS, Plaintiff alleges that California Men's Facility officials have "subjected [Plaintiff] to an active ongoing conspiracy to commit murder and obstruct justice." (*Id.*, ECF No. 1 at 3.) In *Bradford v. McKinney*, C.D. Cal Case No. 2:19-cv-04034-SVW-KK, Plaintiff alleges that officials with the CDCR's Office of Legal Affairs are engaging in an "active and ongoing conspiracy to commit murder against [Plaintiff] and to obstruct justice." (*Id.*, ECF No. 1 at 3.) In *Bradford v. Bien, et al.*, N.D. Cal. Case No. 4:19-cv-01922-DJH, Plaintiff is suing the law firm representing a class of CDCR inmates for refusing to investigate his conspiracy claims and alleging that they are "willing participants in an active and ongoing conspiracy to obstruct justice by the use of the 'code of silence' and condoning police misconduct." (*Id.*, ECF No. 1 at 4–5.) In *Bradford v. Hernandez, et al.*, C.D. Cal. Case No. 2:18-cv-07268-SVW-KK, Plaintiff alleges that medical officials at California State Prison – Los Angeles County are lying about his medical condition and test results, as well as "acting as a willing participant in a conspiracy to commit murder on Plaintiff." (*Id.*, ECF No. 1 at 7.) Plaintiff has filed a total of fifty-two civil rights actions and thirty-one appeals. *See* PACER, https://pcl.uscourts.gov/pcl/pages/search/findPartyAdvanced.jsf (website last visited July 10, 2019.)

## G.   Access to the Courts Claims

Defendants' move to dismiss Plaintiff's access to courts claims. (*See* ECF No. 108-1 at 24–25; ECF No. 109-1 at 16–17.) Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351–53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The "failure to show that a 'non-frivolous legal claim had been frustrated'" is fatal. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413–14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's Complaint fails to allege facts sufficient to show an actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351–53; *Silva*, 658 F.3d at 1104.

Plaintiff cites to two matters in which he claims Defendants interfered with his access to the courts resulting in an "actual injury." Plaintiff references *Bradford v. Marchak, et al.*, E.D. Cal. Case No. 1:14-cv-01689-LJO-BAM. In this matter, United States District Judge Lawrence J. O'Neill dismissed the entire action in part due to Plaintiff's "failure to meaningfully cooperate in discovery, including his refusal to be deposed." (*Id.*, ECF No. 336 at 2.) Plaintiff appealed and the Ninth Circuit dismissed his appeal finding it "so insubstantial as to not warrant further review." (*Id.*, ECF No. 346 at 1.) The second matter Plaintiff refers to in support of his claim of an "actual injury" is *Bradford v. Steele, et al.*, S.D. Cal. Case No. 3:16-cv-1557-JAH-JLB. In that matter, Plaintiff was barred from proceeding IFP because he was found to have at least five "strikes" pursuant to 28 U.S.C. § 1915(g). (*Id.*, ECF No. 10 at 7–8, 10.) Moreover, United States District Judge John A. Houston certified that an "IFP appeal of this Order would be frivolous and therefore, would not be taken in good faith." (*Id.* at 10.) On their face, neither of these cases can be found to be non-frivolous or have an "arguable" underlying claim. *Harbury*, 536 U.S. at 413–14.

Thus, the Court finds that Plaintiff's FAC fails to include any "factual matter" to show how or why any of the individual Defendants in this case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936.

Accordingly, Defendants' Motion to Dismiss Plaintiff's access to courts claim is **GRANTED** for failing to state a claim upon which relief may be granted.

### H. Heck Rule

Defendants seek to dismiss Plaintiff's cause of action entitled the "Heck Rule." (*See* ECF No. 108-1 at 16–17; ECF No. 109-1 at 18–19.) As Defendants correctly note, there is no cause of action for the "Heck Rule." In fact, *Heck v. Humphrey*, 512 U.S. 477 (1994) is a Supreme Court decision which held:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87.

Plaintiff's FAC does not raise claims that imply the invalidity of his conviction or a disciplinary conviction and thus, *Heck* is inapplicable to this matter. Defendants' Motion to Dismiss Plaintiff's "Heck Rule" cause of action is **GRANTED.**

## I.    <u>RICO Claims</u>

Defendants move to dismiss Plaintiff's claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*See* ECF No. 108-1 at 17–18; ECF No. 109-1 at 19–20.)

To the extent that Plaintiff seeks to bring claims pursuant to RICO, 18 U.S.C. § 1962(c), the Court agrees that his FAC does not set forth facts demonstrating the pattern of racketeering activity required to state a claim for violations of, or conspiracy to violate, RICO. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (listing elements of a RICO claim under 18 U.S.C. § 1962(c)).

"Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a claim under § 1962(c), however, Plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sanford*, 625 F.3d at 557 (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc)). A "'pattern' . . . requires at least two acts of racketeering activity." *Id.* (quoting 18 U.S.C. § 1961(5)). And while "'racketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice," *id.* (citing *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004)), fraud allegations must meet the heightened pleading standards

18

required by Federal Rule of Civil Procedure 9(b). *Id.* at 558 (*citing Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

Plaintiff's FAC fails to satisfy any of these requirements for pleading a RICO claim and thus, Defendants' Motions to Dismiss Plaintiff's RICO claims is **GRANTED** for failing to state a claim upon which relief may be granted.

## J. **Defendant Voong**

Defendant Voong moves to dismiss all claims against him because Plaintiff's FAC is devoid of any factual allegation pertaining to Voong. (*See* ECF No. 133-1 at 2–3.) The only time Plaintiff refers to Voong in his FAC is by naming him as the "Director, Office of Appeals" for the CDCR. (*See* FAC at 2.) There are no factual allegations in the FAC itself linking Voong to any purported constitutional violations.

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff does not state a claim against Defendant Voong because he has failed to allege facts regarding what actions were taken or not taken by Voong which caused the alleged constitutional violations.

Even if Plaintiff were to allege that Voong somehow improperly handled his administrative grievances, he would not be able to state a claim. Plaintiff has no federal constitutional right to an effective grievance or appeal procedure. *Ramirez*, 334 F.3d at 860 (finding no § 1983 liability for actions of prison officials in reviewing inmate appeals because inmates have no federal constitutional right to a prison grievance system); *Mann*

*v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Therefore, the Court **GRANTS** Defendant Voong's Motion to Dismiss for failing to state a claim upon which relief may be granted.

### K.    State Law Claims

Because Plaintiff has failed to allege a violation of federal law, the Court exercises its discretion to dismiss his pendent state law claims without prejudice. 28 U.S.C. § 1367(c)(3) (The district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

## III.   Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)

Because Plaintiff is a prisoner and is proceeding IFP, the Court may conduct a sua screening pursuant to 28 U.S.C. § 1915(e)(2) at any time.  Under this statute, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)  ("It is . . . clear that section 1915(e) not only permits but requires a district court to [sua sponte] dismiss an in forma pauperis complaint" "at any time" if the court determines that it fails to state a claim (citing 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) ("The statute governing IFP filings requires a court to dismiss an action 'at any time' if it determines that the complaint 'seeks monetary relief against a defendant who is immune from such relief'" (citation omitted)).

/ / /

## A.    Claims against Deputy Attorney General and Private Counsel

Plaintiff has served or attempted to serve his FAC on Defendants Freund, Parnell, and Wilson.[7]  Freund is a Deputy Attorney General currently representing some of the named Defendants in this action.  Parnell and Wilson are also Deputy Attorney Generals who had represented Defendants in cases Plaintiff had previously brought.[8]  Plaintiff has also served his FAC on Brandon Merritt, private counsel for Defendant Khamooshian.

In his FAC, Plaintiff claims the "prison guards were acting in concert with the Deputy Attorney General's Office" in order to "obstruct justice, deny Plaintiff meaningful access to court." (FAC at 9.)  Plaintiff also claims all the named Defendants "willingly participated in an active, ongoing conspiracy to commit murder against Plaintiff, obstruct justice, frame Plaintiff in retaliation for pursuant a non-frivolous civil claim."  (*Id.* at 44.)

These claims of these attorneys' vast conspiracy to murder Plaintiff, which the Court has noted above is a claim that Plaintiff has brought in several actions in various judicial districts, are frivolous.   Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

Moreover, Plaintiff has engaged in a pattern of harassment that rises to the level of maliciousness.  In this matter Plaintiff is suing any attorney, whether they are private counsel or a deputy attorney general, who is appearing in this action on behalf of defendants who are being sued by Plaintiff.   In fact, Plaintiff has sued legal counsel who have represented state officials in other matters as well.  *See Bradford v. McKinney, et al.*, C.D. Cal. Case No. 2:19-cv-04034-SVW-KK; *Bradford v. Prison Law Officer, et al.*, N.D. Cal. Case No. 4:19-cv-01910-PJH; *Bradford v. State Bar of California*, C.D. Cal. Case No.

---

[7] Defendants Parnell and Wilson have filed a "Motion to Dismiss for Invalid Service of Summons." (ECF No. 124.)  In light of the Court's finding that the claims against them are both frivolous and malicious, the Court **DENIES** this Motion as moot.

[8] *See Bradford v. Ogbuehi, et al.*, E.D Cal. Case No. 1:15-cv-01918-AWI-BAM (Parnell); *Bradford v. Marchak*, 1:14-cv-01689, E.D. Cal. Case No. 1:14-cv-01689-LJO-BAM (Wilson); *Bradford v. Kvichko*, E.D. Cal. Case No. 1:16-cv-01077-LJO-SAB (Samson).

2:19-cv-02217-SVW-KK. Plaintiff's extensive litigation history shows a pattern of frivolousness and harassment. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

Therefore, all claims against Freund, Merritt, Wilson, and Parnell are **DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

## B. Claims against Alvarado Hospital Medical Center

Plaintiff brings claims under § 1983 against Alvarado Hospital Medical Center. The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citation and quotations omitted)

The Constitution protects individual rights only from government action and not from private action; it is only when the government is responsible for the specific conduct alleged that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003). Generally, private parties do not act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir. 1974) (a purely private actor may be liable for his misconduct in state court, but his conduct is not actionable under Section 1983, regardless of how egregious).

In order for private conduct to constitute governmental action, "something more" must be alleged. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995).

Defendant Alvarado Hospital Medical Center is not alleged to be a person acting under color of state law because Plaintiff's FAC fails to allege facts sufficient to plausibly show that Alvarado Hospital Medical Center performed any public function traditionally reserved to the state, acted as willful participants in joint action with government agents, was compelled or coerced, or had any connection whatsoever with the state. *See Iqbal*, 556 U.S. at 678; *Lugar*, 457 U.S. at 939. Plaintiff's claims against the Hospital are **DISMISSED.**

### C. <u>City and County of San Diego</u>

Plaintiff seeks to sue the City and County of San Diego "for an ongoing and active conspiracy to commit murder on Plaintiff." (FAC at 2.)

A municipal entity maybe held liable under section 1983 only if Plaintiff alleges facts to show that his constitutional injury was caused by employees acting pursuant to a municipality's official policy, custom, or practice. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hernandez*, 666 F.3d at 636. "[O]fficial policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff's bare and conclusory allegations are insufficient to support a plausible claim for relief against the City or County. *See Iqbal*, 556 U.S. at 678; *Hernandez v. Cnty of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012) (applying *Iqbal* pleading standards to *Monell* claims). Thus, Plaintiff's claims against the City and County of San Diego are **DISMISSED** as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

### D. <u>State of California</u>

Finally, Plaintiff names the State of California as a Defendant. The State of

California is not a "person" within the meaning of § 1983 and is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984) (Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it); *see also Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (dismissing prisoner's § 1983 suit against the State of Arizona as legally frivolous), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130.

Thus, Plaintiff's claims against the State of California are **DISMISSED** for seeking monetary damages against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### E.    Leave to Amend

The Court has serious doubts as to Plaintiff's ability to state a claim. However, given Plaintiff's pro se status, the Court will provide him one final opportunity to amend his complaint in certain regards. The following claims are dismissed **WITHOUT PREJUDICE** and may be amended: Eighth Amendment claims, Fourteenth Amendment claims, Americans with Disabilities Act/Rehabilitation Act claims, RICO claims, and state law claims.

However, the following claims are dismissed **WITH PREJUDICE** and may not be re-alleged: access to courts claims, conspiracy to commit murder claims, Equal Protection and First Amendment retaliation claims, and "Heck Rule" claims. The Court finds that allowing amendment for those claims would be futile. Further, due to the dismissal of those causes of action, the following Defendants are dismissed **WITH PREJUDICE** as there is no amendment that could cure the deficiencies noted herein against them: Freund, Merritt, Parnell, Wilson, City of San Diego, County of San Diego, and State of California. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment" (internal citations omitted)).

Plaintiff is cautioned that his amended complaint must be complete within itself, and must not refer to prior complaints. Further, Plaintiff's amended complaint must comply with Federal Rule of Civil Procedure 8. Rule 8 requires that each pleading include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). Plaintiff must allege *concise and direct facts* to support each cause of action, and it is not sufficient to simply state mere conclusions without support. Plaintiff must also strive to ensure his amended complaint is not unnecessarily verbose or highly repetitious. *See Cafasso, United States ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

## IV. Conclusion and Orders

Accordingly, the Court:

(1) **GRANTS** Defendants' Zhang, Khamooshian, Freund, Merritt, and Voong's Motions to Dismiss Plaintiff's First Amended Complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Nos. 108, 109, 117, 122, 133);

(2) **DISMISSES** Plaintiff's FAC in its entirety;

(3) **DENIES** Defendant Parnell and Wilson's Motion to Dismiss for Invalid Service of Summons (ECF No. 124) as moot; and

(4) **GRANTS** Plaintiff leave to file an amended complaint, as detailed above, on or before August 16, 2019. *If Plaintiff fails to file an amended complaint within the time provided, the Court may dismiss this action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment.*

**IT IS SO ORDERED**.

**DATED: July 15, 2019**

**Hon. Cynthia Bashant**
**United States District Judge**