UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>                           Plaintiff,<br><br>v.<br><br>K. KHAMOOSHIAN, *et al.*,<br><br>                          Defendants. | Case No. 17-cv-02053-BAS-MDD<br><br>**ORDER DISMISSING IN PART THIRD AMENDED COMPLAINT**<br><br>**[ECF No. 160]** |

## I.    BACKGROUND

Plaintiff Raymond Alford Bradford, proceeding pro se and in forma pauperis, filed this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's first complaint was brought only against two individuals, Defendants Zhang and Khamooshian, and he alleged Eighth Amendment violations, gross negligence, and medical malpractice. (ECF No. 1.)[1]

---

[1] As the Court noted in its original order, "Plaintiff has been previously denied leave to proceed IFP in the Eastern District of California because he has had more than three civil actions or appeals dismissed due the actions being found to be frivolous, malicious, or failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(g)." (ECF No. 21, at 4 n.2 (citing Plaintiff's prior cases).) However, the Court granted Plaintiff leave to proceed IFP in this case regardless of his prior "strikes" history because "Plaintiff's allegations [were] sufficient to meet section 1915(g)'s "imminent danger" exception. (*Id.*)

The Court granted Zhang and Khamooshian's motions to dismiss but granted Plaintiff leave to file a first amended complaint. (ECF No. 89.) He did so and greatly expanded on the claims from his original complaint. In his First Amended Complaint ("FAC"), Plaintiff alleged that all named Defendants violated his constitutional and state law rights while he was housed at the Richard J. Donovan Correctional Facility. (ECF No. 97.) Plaintiff also alleged that his constitutional and state law rights were violated at various other state prisons.

On July 15, 2019, the Court issued an order granting various Defendants' motions to dismiss and sua sponte dismissing Plaintiff's remaining claims. (ECF No. 144.) The Court granted Plaintiff leave to amend the following claims: Eighth Amendment claims, Fourteenth Amendment claims, Americans with Disabilities Act/Rehabilitation Act claims, RICO claims, and state law claims. (*See id.* at 24.) The Court dismissed with prejudice other claims and also dismissed with prejudice the following Defendants: Freund, Merritt, Parnell, Wilson, City of San Diego, County of San Diego, and State of California. (*Id.*) The Court again permitted Plaintiff leave to file an amended complaint.

Plaintiff then confusingly filed two separate second amended complaints. (ECF Nos. 153, 155.) Because doing so was improper, and because one of the complaints appeared to be missing pages, the Court permitted Plaintiff to file an amended complaint "that contains all of his allegations against all relevant Defendants." (ECF No. 159.) Plaintiff did so. (Third Amended Complaint, "TAC," ECF No. 160.)

## II. ANALYSIS

Because Plaintiff is a prisoner and is proceeding IFP, the Court may conduct a sua screening pursuant to 28 U.S.C. § 1915(e)(2) at any time. Under this statute, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is . . . clear that section 1915(e) not only permits but requires a district court to [sua sponte] dismiss an in forma pauperis complaint" "at any time" if the court determines that it fails to state a claim (citing

28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) ("The statute governing IFP filings requires a court to dismiss an action 'at any time' if it determines that the complaint 'seeks monetary relief against a defendant who is immune from such relief'" (citation omitted)).

The Defendants listed in the brief, three-page Third Amended Complaint are Zhang, Khamooshian, Deputy Attorney General Freund, Khamooshian's attorney Merritt, and Voong. Plaintiff alleges Defendants violated his Eighth Amendment Rights and denied him access to courts. (TAC at 3.)

### A. Freund and Merritt

First, the Court has already dismissed with prejudice claims against Defendants Freund and Merritt. Plaintiff previously alleged Freund and Merritt were acting in concert to obstruct justice and to steal Plaintiff's legal papers. (ECF No. 144, at 5.) Plaintiff again makes claims against the two individuals in his Third Amended Complaint, but the claims have already been dismissed with prejudice. Plaintiff further references a conspiracy to frame him for attempted murder, but this claim has also been dismissed with prejudice. (*Id.*) Therefore, the Court does not analyze the previously-dismissed claims against Freund and Merritt.

### B. Zhang and Khamooshian

As relevant here, Plaintiff previously alleged Defendants Zhang and Khamooshian violated his Eighth Amendment rights. The Court found Plaintiff had not pled that Defendants' actions rose to the level of deliberate indifference. (ECF No. 144, at 9–11.)

Now, Plaintiff again pleads he was in pain and experiencing medical problems, but Zhang denied Plaintiff's request to be placed in the prison infirmary. (TAC at 2.) Zhang also "did nothing" to treat Plaintiff's injuries. (*Id.*) The Court finds Plaintiff has again not pled sufficient facts to demonstrate deliberate indifference. As the Court previously held, Plaintiff's "allegations that Zhang refused to admit him to the infirmary demonstrate nothing more than a difference of opinion as to the course of Plaintiff's medical treatment." (ECF No. 144, at 8–9.) A "difference of opinion between a physician and the prisoner—

3

or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citation omitted), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc). Plaintiff also again pleads that Zhang was grossly negligent, but as the Court previously held, "[e]ven gross negligence is insufficient to establish deliberate indifference to serious medical needs." (ECF No. 144, at 9 (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). The Court **DISMISSES** all allegations against Zhang.

Plaintiff alleges Khamooshian "lied to Plaintiff about his medical ailment" and "did not examine him" which caused his injuries to worsen. (TAC at 2.) These allegations do not differ from what Plaintiff previously alleged against Khamooshian. Therefore, the Court's prior holding applies here as well:

> Plaintiff's entire claim rests on what he claims was a short interaction with Khamooshian and he does not allege that Khamooshian played any role in Plaintiff's ongoing medical treatment or lack of medical treatment. Plaintiff's only allegation relating to "deliberate indifference" is his claim that Khamooshian was lying about his test results. Plaintiff fails to allege facts sufficient to show how this one alleged act by Khamooshian caused him any injury.
> Thus, to the extent that Plaintiff is claiming that Khamooshian's actions caused a delay in his treatment, he has failed to provide the adequate showing. Plaintiff alleges that Khamooshian actions "caused Plaintiff's condition to deteriorate" but offers no factual allegations to support this claim.

(ECF No. 144, at 10.) Plaintiff has not bolstered his allegations in the present Complaint. Therefore, the Court again **DISMISSES** all allegations against Khamooshian.

### C. Voong

Defendant Voong appears to have a supervisory role at the prison. Plaintiff claims he complained to Voong about the prison guards, but Voong used a "code of silence[,]" and as a result, Plaintiff was "repeatedly beaten" and his legal and personal property was "lost or destroyed." (TAC at 3.) There is no allegation that Voong personally inflicted any injury onto Plaintiff. But "a plaintiff may state a claim against a supervisor for deliberate

indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)

A defendant may be held liable as a supervisor under 42 U.S.C. § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. Cnty of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 2011) (internal quotation marks omitted).

The requisite causal connection can be established by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration and quotation marks omitted).

Here, Plaintiff alleges Voong knew that prison guards were inflicting a constitutional injury onto Plaintiff, yet Voong did nothing to stop the actions. Therefore, Plaintiff's allegations against Voong survive the Court's screening process. The Court notes that this finding does not prevent Voong from moving to dismiss the Complaint.

### III. CONCLUSION

The Third Amended Complaint is **DISMISSED** against Defendants Freund, Merritt, Zhang, and Khamooshian. As to these Defendants, the Court has granted Plaintiff many

5

opportunities to amend his complaint. Plaintiff has been unable to amend his complaint to state a claim. The "failure to supply new facts within an amended complaint supports a denial of further leave to amend." *Bhagat v. City of Santa Ana*, 58 F. App'x 332, 334 (9th Cir. 2003) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)). Therefore, the dismissal of these Defendants is with prejudice.

However, the complaint may proceed against Voong. Voong must answer or otherwise respond to the complaint <u>on or before October 8, 2019.</u>

**IT IS SO ORDERED.**

DATED: September 17, 2019

Hon. Cynthia Bashant
United States District Judge

6

17cv2053