UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>K. KHAMOOSHIAN, et al.,<br><br>Defendants. | Case No.: 3:17-cv-2053-BAS-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ON ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 166]** |

Before the Court is Plaintiff Raymond Alford Bradford's ("Plaintiff") motion objecting to the Court's order denying his motion to appoint counsel (ECF No. 156), which the Court construes as a motion for reconsideration. ECF No. 166. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I. PLAINTIFF'S MOTION FOR RECONSIDERATION IS UNTIMELY

Pursuant to Civil Local Rule 7.1(i)(2), any motion for reconsideration must be filed within 28 days after the entry of the order sought to be reconsidered. Here, the Court entered its order denying Plaintiff's original motion to appoint counsel on August 12, 2019. ECF No. 156. Thus, Plaintiff's motion for reconsideration was due on September 9, 2019.

Though Plaintiff's motion for reconsideration is dated September 1, 2019, it was not received by the California State Prison until September 28, 2019, and therefore it was not

received by the Clerk's Office until October 4, 2019. *Compare* ECF No. 166 at 1 *with* ECF No. 166 at 14. Courts have denied motions for consideration when they are untimely. *See, e.g.*, *Tillisy v. Wash. Dep't of Corr.*, No. 3:18-cv-5695-RJB-JRC, 2019 U.S. Dist. LEXIS 142561, at *1 (W.D. Wash. Aug. 21, 2019) (denying a *pro se* inmate's motion for reconsideration of an order denying appointment of counsel because it was untimely).

## II. EVEN IF TIMELY, PLAINTIFF'S MOTION FAILS ON THE MERITS

Though Plaintiff's motion is untimely, the Court has considered the merits of Plaintiff's request as other courts have done. *See, e.g., Castro v. Ressing*, No. S-11-2253-KJM-KJN-P, 2012 U.S. Dist. LEXIS 51165, at *1 (E.D. Cal. Apr. 11, 2012) (addressing the merits briefly even though the motion for reconsideration was untimely); *Coleman v. Evergreen Pub. Sch.*, No. C18-556-RBL, 2018 WL 5886452, at *1 (W.D. Wash. Nov. 9, 2018) (same). However, even if Plaintiff's motion for reconsideration was timely, it would still fail.

### a. Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted); *see also* CivLR 7.1(i)(1) (stating that the party seeking relief must present "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application"). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880 (citation and internal quotation marks omitted); *United States v. Westlands Water District*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (stating that "a motion for reconsideration is not a vehicle to reargue the motion").

Therefore, a party seeking reconsideration "must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision." *Westlands Water District*, 134 F. Supp. 2d at 1131; *see also Coleman v. Evergreen Pub. Sch.*, No. C18-556-RBL, 2018 WL 5886452, at *1 (W.D. Wash. Nov. 9, 2018) (stating that a motion for reconsideration is not "intended to provide litigants with a second bite at the apple. . . . Mere disagreement with a previous order is an insufficient basis for reconsideration[.]").

**b. Discussion**

Here, Plaintiff contends that his motion to appoint counsel (ECF No. 152) should have been granted because (1) Plaintiff has been declared mentally insane; (2) Plaintiff is likely to succeed on the merits; (3) the case is complex; and (4) Plaintiff is indigent. ECF No. 166 at 1. In Plaintiff's original motion to appoint counsel, counsel made similar arguments. Plaintiff contended that he was declared mentally insane and on involuntary psychotropic medication, and that the issues in the case are complex. ECF No. 152 at 1. Plaintiff also stated that the Defendant "is responsible" for his RICO, "Heck Rule," and state law stolen property claims, which the Court construes as asserting that his claims are valid and thus likely to succeed. *Id.*; *see, e.g.*, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Therefore, the only new contention[1] Plaintiff makes in his motion for reconsideration is that he is indigent.

Since Plaintiff filed his motion to proceed *in forma pauperis* on December 26, 2017 (ECF No. 16), Plaintiff's indigence is not a recent occurrence to be construed as "new or different circumstances" under which to request reconsideration. *See* CivLR 7.1(i)(1);

---

[1] The only other difference between Plaintiff's original motion to appoint counsel and his motion for reconsideration is the exhibits he included. In his motion for reconsideration, he additionally provided his medical injury report and two rules violation reports. ECF No. 166 at 7–12. These are the same exhibits Plaintiff has included in previous filings. ECF No. 60 at 23–28, 32–33. Given that this information was in the purview of the Court when making its original decision regarding Plaintiff's motion to appoint counsel, again, these exhibits are not "newly discovered evidence" to warrant reconsideration.

3

3:17-cv-2053-BAS-AHG

*Marlyn Nutraceuticals*, 571 F.3d at 880. A party seeking reconsideration must show more what "was already considered by the Court in rendering its decision." *Westlands Water District*, 134 F. Supp. 2d at 1131.

Additionally, even if Plaintiff's indigence was a new circumstance, it still does not entitle Plaintiff to counsel. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Only under "exceptional circumstances" may a court exercise its discretion and appoint counsel for indigent civil litigants. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Indigence alone is not an exceptional circumstance. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (stating that "exceptional circumstances" include a likelihood of success on the merits and the inability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved); *see, e.g.*, *Arrellano v. Hodge*, No. 14-cv-590-JLS-JLB, 2018 WL 637854, at *9 (S.D. Cal. Jan. 30, 2018) (denying appointment of counsel to an indigent *pro se* inmate because exceptional circumstances did not exist); *Eusse v. Vitela*, No. 13-cv-916-BEN-NLS, 2015 WL 4404865, at *2 (S.D. Cal. July 16, 2015) (same).

## III. CONCLUSION

As set forth above, Plaintiff's motion for reconsideration is untimely. Moreover, Plaintiff has not met the standard for reconsideration; mere disagreement with the Court's decision is not sufficient grounds for reconsideration. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration of the Court's previous order denying appointment of counsel.

**IT IS SO ORDERED**.

Dated: October 9, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge