UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>K. KHAMOOSHIAN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-2053-BAS-AHG<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS DEFENDANT VOONG, and**<br><br>**(2) DENYING AS MOOT DEFENDANT VOONG'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>**[ECF Nos. 164, 171]** |

  Before the Court are two motions: (1) Plaintiff Raymond Alford Bradford's ("Plaintiff") Motion to Voluntarily Dismiss Defendant M. Voong ("Defendant Voong") Without Prejudice and (2) Defendant Voong's Motion to Dismiss Plaintiff's Third Amended Complaint. ECF Nos. 164, 171. For the reasons set forth below, the Court **RECOMMENDS** that the District Judge **GRANT** Plaintiff's motion and consequently **DENY AS MOOT** Defendant Voong's motion.

1

## I. BACKGROUND

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 claiming that multiple defendants violated several of his constitutional rights while he was incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California. ECF No. 160. In his third amended complaint, Plaintiff alleged that Defendants Zhang, Khamooshian, Freund, Merritt, and Voong violated his Eighth Amendment Rights and denied him access to courts. *Id*. at 3. After *sua sponte* screening Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed Defendants Zhang, Khamooshian, Freund, and Merritt with prejudice, and permitted Plaintiff's case to proceed against Defendant Voong. ECF No. 162 at 6. Defendant Voong subsequently filed a motion to dismiss the complaint for failure to state a claim. ECF No. 164. Though Plaintiff initially opposed Defendant Voong's motion to dismiss (*see* ECF No. 168), he thereafter filed a motion to voluntarily dismiss Defendant Voong, so that he could seek appellate review of the Court's earlier order dismissing the other defendants. ECF No. 171.

## II. PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS DEFENDANT VOONG WITHOUT PREJUDICE

A plaintiff is entitled to voluntary dismissal of a defendant under Federal Rule of Civil Procedure 41(a) if he seeks dismissal "before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). The resulting dismissal is without prejudice. FED. R. CIV. P. 41(a)(1)(B).

Here, Defendant Voong has not answered the complaint nor filed a motion for summary judgment. *See* ECF No. 164 (filing a motion to dismiss in lieu of an answer). Accordingly, under Rule 41(a)(1), Plaintiff has "an absolute right to voluntarily dismiss his action." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997); *see also Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008) (stating that Rule 41 "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants"). The present motion was not required to effectuate the dismissal;

mere notice of dismissal would have sufficed. See FED. R. CIV. P. 41(a)(1)(A) (requiring a notice or stipulation, not a motion); *Jessup v. Nationstar Mortg., LLC*, No. 16-cv-503-BLW, 2017 WL 1943951, at *1 (D. Idaho May 10, 2017) (granting plaintiff's motion to voluntarily dismiss, while noting that plaintiff's motion was unnecessary because plaintiff had an absolute right to voluntarily dismiss the action via "mere notice" because defendant had filed a 12(b)(6) motion to dismiss in lieu of an answer).

Therefore, the Court **RECOMMENDS** that Plaintiff's motion to voluntarily dismiss Defendant Voong be **GRANTED** without prejudice. *See Jessup*, 2017 WL 1943951, at *1.

### III. DEFENDANT VOONG'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Voong moved to dismiss Plaintiff's third amended complaint, contending that Plaintiff does not adequately state claims against Defendant Voong. ECF No. 164 at 1. More specifically, Defendant Voong argues that the complaint does not contain any allegations of personal liability and likewise fails to sufficiently plead supervisory liability, and also argues that "merely being a reviewer of an inmate grievance does not give raise to a § 1983 claim." *Id.* at 3–5.

Though Plaintiff initially opposed the motion, as a result of Plaintiff's subsequent request that Defendant Voong be dismissed, the Court will not address the merits of Defendant Voong's motion. Consequently, the Court **RECOMMENDS** that Defendant Voong's motion to dismiss be **DENIED AS MOOT** without prejudice.

### IV. CONCLUSION AND RECOMMENDATION

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order:

(1) adopting this Report and Recommendation;

(2) **GRANTING** Plaintiff's Motion to Voluntarily Dismiss Defendant Voong without prejudice (ECF No. 171); and

(3) **DENYING AS MOOT** without prejudice Defendant Voong's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 164).

**IT IS ORDERED** that no later than **February 14, 2020**, any party to this action may file written objections and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **February 28, 2020**.

**IT IS SO ORDERED**.

Dated: January 31, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge